Judge Robertson
delivered the opinion of the Court.
William Ribelin sued George Case, in the Montgomery circuit court, in a petition and summons, and jugd ment was rendered by default for the plaintiff, at the September term, 1824.
The execution on the judgment having been replevh-d, and another exeuction having issued on the replevin bond, on the 20th November, 1826; Case presented his-petition on ihe 19th of December, 1826, to the judge oí the court, praying for a writ of error coram vobis, on the ground that (as he alleged,) Ribelin died before the judgment was obtained, and filed his assignment of error, relying oh this alleged error of fact. The judge having ordered a writ of error to issue and be made a supersedeas, a summons issued against William Ribelin, returnable to the first day of the next term, and a supersedeas bond was executed by Case and security, payable to William Ribelin: afterwards another summons issued against William Ribelin and John Ribelin, administrators of William Ribelin, deceased, returnable at the first day of the term, and a supersedeas bond was executed to them.-
The sheriff having returned this latter summons “executed,” the Ribelin’s, as administrators, appeared in court, and filed a demurrer, which, after joinder, the court sustained, and thereupon rendered judgment against Case for costs and ten per cent damages.
The errors assigned in this court by the plaintiff in error, are first, that the court erred in sustaining the demurrer; and second,' in giving judgment for costs and damages.
If the original plaintiff, William Ribelin, died before judgment in his favor, (which is admitted by the demurrer,) the judgment was certainly erroneous; and as the error was one of fact, and not apparent on the record, the writ of error coram vabis, was the appro *30 priate, if not the only proceeding for exposing it, and rectifying the judgment.
Tho ®tat“te not apply To tnode of oarrecting errors cluing’before judgment; therefore, no-cation ¿This case not necessary. ,
Demurer to ment of^error iu the court Relow should override" When first process erroToond Tod ecss correct, ' and executed in time, irregularity no error.
The statutes of 1802, regulating such writs for the correction of errors occurring after judgment, cannot the mode of proceeding on errors before judgment. To ascertain the proper remedy for latenC errors of fact or of law, existing before judgment, we must ^or otller authorities than this Kentucky statute. As to this last description of errors, the law is as it was before this statutory enactment; for thero *s no^bing in the act which will allow such aconstruc^on, as can change or modify the law in relation to writs of error, except in the two classes of cases expressly provided for.
Errors of fact or of law, may and do frequently occur in judicial trials which cannot be corrected by writ of error to this court, if, for instance, a judgment be rendered in favor of or against a feme covert, suing or defending as a feme sote, or in favor of or against a dead man, which would be manifestly erroneous as soon as the fact shall appear; the error could be corrected only by the court, which rendered the judgment.. This court could not notice it, Because it does not appear on the record. There must be some remedy for such a case; and there are numerous authorities, shewing that a writ of error coram vobis, is the usual, and perhaps the only one. See 1st Rol. abr. 747; Cro. Ele. 7105; 3d Salk, 145; 2d Tidd’s Prac. 1107.
The demurrer ought therefore to have been overruled, unless the proceedings instituted by the plaintiff, bave been in other respects totally defective or irregular. Some irregularities appear in the record, but they are deemed only formal. The most regular mode Proceclure in this case would have been to issue a“scire facias audiendum errores,” against the personal, representatives; then, if the sheriff had returned that-original plaintiff, “William Ribelin is alive,” he could have plead ,“nullo est erratum; otherwise, Ribelin being dead, and the process being returned executed on his representatives, the court could have proceeded to judgment conformably to established usage. Although this course was not strictly pursued, yet as a *31 •summons against the administrators, issued, and was served on them in sufficient time before the return day, the mistake or blunder committed in the first process, ought not to be considered material.
Obligor in replevy bond, not estopped from correcting errors which occurred prior to judgment
Writ of error comm vobis, i.-suirig prior to return of first execution in replevy bond in time.
When error in fact well assigned, if sufficient, and its truth questioned, it should be traversed, & demurer proper when insufficient. Demurer admits that which is properly pleaded
This not being a case provided for by the statute of 1802, notice is not deemed necessary to enable the plaintiff to apply for a writ of error and supersedeas; and if notice were necessary, the defendants, by appearing and pleading, have waived it.
Nor is tbe plaintiff, as is supposed in argument, estopped by his replevin bond, or barred by time. He can no more be precluded, by giving the bond, from the benefit of his writ to correct errors of fact existing before judgment, than he would be, from the right to a writ to remedy such as might occur after judgment, and before replevin; and there is no doubt that the bond in the latter case, does not cure the errors. This, almost all the cases which have occurred under the act of Assembly, as well as other authorities, prove.
Not intending to intimate what would be our decision, on the effect of time, if the writ had not issued in this case, as by statute it is required to do, for the correction of an erroneous replevin bond, before the first term after the date of the execution upon it, it is sufficient here to find, that the writ issued in this case within that time; and consequently, if by analogy, the limitation in the statute should be applied, it can have no effect on this de'cision. If it had been right to sustain the demurrer, there was no error in the judgment for costs and damages. See Hardin’s Rep. Lansdale vs. Findly, 154; Rochester vs. Anderson, 2d Bibb, 569; Williams vs. Clay, 5th Littell, 58.
The demurrer was proper in this case, although it is not the most usual and approved plea. When an error of fact is well assigned, the defendant should traverse the fact and try it by jury, if he mean to deny the error; but if it be true and not sufficient, he should plead “in nullo est erratum,” and submit the decision to the court: but this plea is equivalent to a demurrer. See 2d Tidd, 1116, and Hardin, 154.
If the defendants had desired to traverse the allegation of the plaintiff, Ribelin’s death, it should have *32 been done by plea; their demurrer admitted it, as it was w,-ll assigned, unless it had appeared in the record that he was alive. It is a singular fact, that the first summons against William Ribelin was returned executed, but the proceedings afterwards contradict any inference from this, that the original plaintiff was then alive. Besides, the demurrer is to the assignment of errors; and being filed by the administrators, seems to admit the death of the intestate as alleged.
Turner, for plaintiff; Triplett; for-defendant.
The judgment of the inferior court must therefore be reversed, and the cause remanded with directions to overrule the demurrer, and permit the defendants to plead, and on their failure to do so, to render a judgment of revocation on the writ of error comm vobis, and then suffer the original suit to be revived, and prosecuted in the names of the representatives. This may be very inconvenient, and even injurious to the administrators; but the law must be administered as it is. If William Ribelin was not dead when the judgment was rendered in bis favor, the administrators may plead the fact; or if he still be alive, the fact can appear in the proper mode. But a demurrer to errors well assigned, can never be sustained.